UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
ADASA INC.,

                               Plaintiff,

    -against-

R-PAC INTERNATIONAL LLC (f/k/a R-Pac
International Corp., and f/k/a RIC Merger Sub
LLC),

                              Defendant.
--------------------------------------------------------------- X

**ORDER DENYING MOTION TO DISMISS**

24 Civ. 6102 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant moves to dismiss Plaintiff's patent infringement complaint, averring that Plaintiff has not stated a claim upon which relief may be granted. I deny Defendant's motion.

    To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the complaint, I must "accept all well-pleaded factual allegations in the complaint as true" and "construe all reasonable inferences in the light most favorable to the plaintiff." *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020) (citation omitted).

    I hold that Plaintiff has properly pleaded direct infringement. Federal law provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . infringes the patent." 35 U.S.C. § 271(a). Notwithstanding the presumption against extraterritoriality, even if an infringing product is made or used abroad, it is nonetheless covered under the statute's ambit if "a substantial level of sales activity" occurred "within the United States." *Carnegie Mellon Univ. v. Marvell Tech. Grp.*, 807 F.3d 1283, 1309-10 (Fed. Cir. 2015). Here, Plaintiff's well-pleaded complaint—which I must accept as true—alleges that

1

Defendant operates more than a dozen sales offices across the U.S., Compl. ¶ 67; that its infringing products are sold and offered for sale in the U.S. irrespective of where they are physically produced or encoded, *id.* at ¶¶ 67, 74; that orders are routed to Defendant's domestic offices and servers to generate and transmit encoding data, *id.* at ¶ 70; that order information is directed to U.S.-based offices for invoicing, *id.* at ¶ 71; and that Defendant's employees negotiate agreements with customers—including product specifications—in the U.S., *id.* at ¶ 72. The foregoing is sufficient, at this stage, to properly plead direct infringement.

I also hold that Plaintiff has properly pleaded inducement and contributory infringement. *See* 35 U.S.C. § 271(b), (c). "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (citation omitted). And "to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant knew that the combination for which its components were especially made was both patented and infringing and that defendant's components have no substantial non-infringing uses." *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal citation and quotations omitted). Plaintiff has satisfied these strictures. Here, Plaintiff has not only properly pleaded direct infringement, but has also satisfactorily alleged Defendant's knowledge, *see* Compl. at ¶ 85, and intent, *see id.* at ¶¶ 81-83, 89. And Plaintiff has also adequately pleaded how "the combination for which its components were especially made was both patented and infringing," *see id.* at ¶¶ 41-63, 70, as well as how Defendant's components lack a substantial non-infringing

2

use, *see id.* at ¶ 79, sufficient to survive a motion to dismiss. Accordingly, I deny Defendant's motion to dismiss in its entirety.

No later than fourteen (14) days from the entry of this Order, Defendant shall file its answer to the complaint. *See* Fed. R. Civ. P. 12(a)(4)(A). After issue is drawn, the parties shall follow the procedure outlined in Section 2(g) of my Individual Rules regarding a hearing pursuant to *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996).

The Clerk shall terminate ECF No. 21.

SO ORDERED.

Dated:   December 3, 2024
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge