IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADASA INC., | § | Case No.: 1:24-cv-06102-AKH-RFT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| R-PAC INTERNATIONAL LLC (f/k/a R- | § | |
| Pac International Corp. and f/k/a RIC | § | |
| Merger Sub LLC), | § | |
| Defendant. | § | |

## **AGREED PROTECTIVE ORDER**

WHEREAS, Plaintiff, ADASA INC. ("Plaintiff") and Defendant R-PAC INTERNATIONAL LLC ("Defendant"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information. More specifically, the Parties agree that:

A.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

B.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

C.      Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

1

D.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue.

THEREFORE, the parties therefore jointly agree to the adoption of this Protective Order governing discovery, pursuant to the following terms:

1.      Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the Producing Party as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to Confidential Treatment as described below.

2.      "CONFIDENTIAL" documents and information may include, but not be limited to, any trade secret or other confidential, proprietary, or commercially sensitive information, including, but not limited to, research, design, development, financial, or commercial information contained in any document, discovery response, or testimony, the disclosure of which is likely to cause harm to the competitive position of the disclosing party.

3.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents and information may include, but not be limited to, information that would fall within the scope of paragraph 6 but that the disclosing party in good faith reasonably believes to comprise particularly sensitive confidential material that warrants further restricted disclosure. Information may only be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the disclosing party believes in good faith that designation as "CONFIDENTIAL" will not provide adequate protection.

4.      "HIGHLY CONFIDENTIAL – SOURCE CODE" documents and information may

include computer source code files and/or associated information such as comments and revision histories, configuration information, and header files ("Source Code Material"),

5.    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL – SOURCE CODE" information will qualify as "Protected Documents" pursuant to this Protective Order.

6.    Protected Documents shall not include (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party, or (c) documents that have been submitted to any governmental entity without request for Confidential Treatment.

7.    **Challenging Confidentiality Designations.** At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. The following procedure shall apply:

      a.    The parties shall attempt to resolve the challenge in good faith within 10 days of the date of service of notice.  In conferring, the Receiving Party must explain the basis for its belief that the Confidential designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

      b.    If the parties are unable to agree as to whether the confidential designation of

discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents.

      c.    Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) days from the date of certification to file a motion for protective order regarding any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to Confidential Treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to Confidential Treatment as provided in this Order.

      d.    All Protected Documents are entitled to Confidential Treatment pursuant to the terms of this Order unless and until the parties agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to Confidential Treatment.

8.    **Disclosure of Protected Documents and Information**. "Confidential Treatment" means that Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below:

      a.    Protected Documents marked "**CONFIDENTIAL**" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

            i.    Outside counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

ii.        Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

iii.       Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts have been disclosed pursuant to the procedure of Section 9 and any objections have been resolved; and (2) the consultant or expert has completed the Undertaking attached as Exhibit A;

iv.       Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

v.        The Court and its personnel;

vi.       During their depositions, witnesses who are officers, directors, employees, or 30(b)(6) designees of the Producing Party and are limited to documents that are related to the topics they were designated to testify regarding;

vii.      Up to and including one (1) designated representative of the receiving Party, only to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent; and

viii.     Any other person upon receipt of prior written consent of the Producing Party.

b.     Protected Documents marked "**HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY**" or "**HIGHLY CONFIDENTIAL – SOURCE CODE,**"
and any information contained therein shall be disclosed only to the following persons
("AEO Qualified Persons"):

i.     The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record.

ii.     The Court and supporting personnel or any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters).

iii.     Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

iv.     During their depositions, witnesses who are officers, directors, employees, or 30(b)(6) designees of the Producing Party and are limited to documents that are related to the topics they were designated to testify regarding;

v.     Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts have been disclosed pursuant to the procedure of Section 9 and any objections resolved; (2) the consultant or expert has completed the Undertaking attached as Exhibit A; and, (3)

with disclosure permitted only to the extent necessary to assist in preparation of this action for trial

      vi.      Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent reasonably necessary to support outside counsel or otherwise further this litigation; and

      vii.      Any other person with the prior written consent of the Producing Party.

9.      **Disclosures to Experts**.

      a.      Unless otherwise ordered by the court or agreed to in writing by the Producing Party, a Receiving Party that seeks to disclose to an outside consultant or expert any documents or information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Producing Party that:

      i.      identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert;

      ii.      sets forth the full name of the Expert and the city and state of his or her primary residence;

      iii.      attaches a copy of the Expert's current resume;

      iv.      identifies the Expert's current employer(s);

> v.        identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years;[1] and,

> vi.        identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

Further, the Receiving Party shall provide such other information regarding the expert's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Documents to the Expert.

> b.        A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Documents to the identified expert unless, within 7 days of delivering the initial request, the Party receives a written objection from the Producing Party. Any such objection must set forth in detail the grounds on which it is based.

> c.        A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Producing Party may file a motion seeking protection from the Court setting forth the reasons

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Producing Party regarding any such engagement.

advanced by the Producing Party for its refusal to approve the disclosure. The Producing Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Documents to its expert.

10.     For Protected Documents designed **"HIGHLY CONFIDENTIAL – SOURCE CODE,"** the following additional restrictions apply:

a.      Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The Source Code shall be made available for inspection on up to two secured computers ("Source Code Computers") in a secured room without Internet access or network access to other computers ("Source Code Review Room"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

b.      The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the

Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with a CD or DVD (or via other appropriate means, e.g., flash/thumb drive or file transfer) containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

      c.     No recordable media or recordable devices, including without limitation sound recorders, computers, tablets, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

      d.     The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy Source Code into the notes and may not take such notes electronically on the Source Code Computers or any other computer, though they may make reference to words, phrases, and passages that appear in such Source Code. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

      e.     Access to and review of the Source Code shall be strictly for the purposes of investigating the claims and defenses at issue in this action. Unless otherwise agreed by the Parties in writing, no person shall review or analyze any Source Code for purposes unrelated to this action, and no person may use any knowledge gained as a result of reviewing the Source Code in this action in any other pending or future dispute, proceeding

or litigation.

   f. No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

   g. The Receiving Party may request paper copies of limited portions of source code, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in the preceding paragraphs in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard copy form.  In the case of such challenge, the parties shall address the dispute consistent with the dispute resolution procedure and timeframes set forth in Paragraph 9(c), but with the Receiving Party having the burden of establishing a reasonable need for all of the requested paper copies.

   h. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise

necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

11.    **Deposition Transcripts and Exhibits**. To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition referring to the Protected Documents or information contained therein.

a.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.    Transcripts containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall have an obvious legend on the title page that the transcript contains such information.  The designating party shall inform the court reporter of these requirements.

Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated as such under this Order shall remain as such and shall not be disclosed

by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12.    **Prosecution Bar**. Absent the written consent of the Producing Party , any person that accesses and reviews information produced by Defendant that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE", but excluding financial data or non-technical business information, shall not be involved, directly or indirectly in any of the following activities until two (2) years after the final resolution of this action, including any appeals:

a.    advising on, consulting on,  preparing, prosecuting,  drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the field of the inventions claimed in U.S. Patent No. 9,798,967 before any foreign or domestic agency, including the United States Patent and Trademark Office; and

b.    the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the field of the inventions claimed in U.S. Patent No. 9,798,967.

Notwithstanding to foregoing, the Prosecution Bar set forth herein shall not preclude outside counsel of Plaintiff that has accessed and reviewed Defendant's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" from participating in any post-grant proceeding on behalf of Plaintiff to defend the validity of Plaintiff's patents, provided that any such participation shall not include direct involvement (including consulting) in drafting or amending of patent claims in connection with submission of conditional or

non-conditional motions to amend during such post-grant proceeding.

13.    Protected Documents and transcripts designated CONFIDENTIAL," "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY," or or "HIGHLY CONFIDENTIAL – SOURCE
CODE" shall be used by the receiving party solely for the purposes of preparation for trial, pretrial
proceedings, and trial of actions and proceedings in the above-captioned action, and shall not be used
in any other litigation, proceeding, or action, or for any other purpose.

14.    **Federal Rule of Evidence 502(b)**.

a.    Fed. R. Evid. 502(b) is applicable to discovery in this proceeding.

b.    Inadvertent or unintentional production of protectable, Confidential
Information or Protected Documents which are not designated as such shall not be deemed a
waiver in whole or in part of entitlement of that Confidential Information or Protected
Document to Confidential Treatment.

c.    An inadvertent or intentional disclosure or production of any protectable
and/or privileged documents or information in this proceeding shall not constitute a waiver of
any privilege or protection (including the attorney-client privilege, work product protection,
or any other privilege or protection recognized by law) applicable to those documents in this
proceeding or in any other federal or state proceeding in any other court.

d.    The mere production of ESI in a litigation as part of a mass production shall
not constitute a waiver of protection or privilege for any purpose.

e.    Upon receiving a written request identifying an inadvertently produced or
undesignated protectable document and/or information from the Producing Party, the
Receiving Party shall take the following action within five (5) business days:

i.    return all identified documents and information to the Producing

Party;

        ii.      destroy all copies or versions thereof, along with any other documents that reference, cite, or otherwise incorporate the identified documents and information;

        iii.     provide written confirmation of their deletion;

        iv.     make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

Nothing shall prevent a receiving party from challenging the privilege or protection asserted by the Producing Party in accordance with the procedures set forth above.

15.    The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

16.    **Obligations at Termination.**

        a.     After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

        b.     This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

        c.     Upon the request of the Producing Party or third party, within 60 days after the entry of a final judgment or dismissal no longer subject to appeal on the merits of this case, the parties and any person who received "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as authorized by this

Protective Order shall return to the Producing Party or third party, or destroy, all information and documents subject to this Protective Order.  By the 60-day deadline, the receiving party must submit a written certification to the Producing Party affirming that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

        d.        Notwithstanding the foregoing, outside litigation counsel may retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Any such archival copies that contain or constitute "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information remain subject to this Protective Order.

17.    This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

18.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

19.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties

may designate as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties.

      a.    The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as ""CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in accordance with this Order.

      b.    In the event that a Party is required to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party not to produce the Third Party's confidential information, then the Party shall:

      i.    promptly notify in writing the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

      ii.    promptly provide the Third Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      iii.    make the information requested available for inspection by the Third Party.

      c.    If the Third Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Third Party's confidential information.

      d.     If the Third Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the Court.

      e.     Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this Court of its confidential information.

20.    Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.


SO ORDERED.

DATE:  May 12, 2025

_____
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADASA INC., | § | Case No.: 1:24-cv-06102-AKH-RFT |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| R-PAC INTERNATIONAL LLC (f/k/a R- | § | |
| Pac International Corp. and f/k/a RIC | § | |
| Merger Sub LLC), | § | |
| Defendant. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____. My

current employer is _____. My

current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL." "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL –

SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"  that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ as my New York agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Printed name    _____

Signature       _____

Date            _____